121 N.J. Super. 137 (1972)
296 A.2d 327
JACK GOLD AND IRWIN GOLDSTEIN, t/a THE FRAZIER MARKET, PLAINTIFFS-APPELLANTS,
v.
THE CITY COUNCIL OF THE CITY OF TRENTON, A MUNICIPAL CORP. OF NEW JERSEY, DEFENDANT-RESPONDENT. AND JOHN F. FUNDIN, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF LAWRENCE, A MUNICIPAL CORP. OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 17, 1972.
Decided October 31, 1972.
*139 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Messrs. Schragger, Schragger & Lavine, attorneys for appellants (Messrs. Frederic J. Schragger and Raymond L. Nagy, on the brief).
Mr. Robert A. Gladstone, attorney for respondent City Council of the City of Trenton.
Messrs. Jamieson, Walsh, McCardle, Moore & Peskin, attorneys for respondent Township Committee of the Township of Lawrence (Mr. Raymond B. Demski, on the brief).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Plaintiffs appeal from judgments sustaining the validity of ordinances adopted by defendant municipalities which provide in pertinent part that it shall be unlawful for any food dealer in the respective municipality
* * * to sell or offer or expose for sale, at retail any sealed, prepackaged, unprocessed or untreated fresh or frozen cut meat or fowl unless the package is colorless and transparent on all sides, exclusive of labeling which shall not exceed five (5) square inches of one side of the package * * *.
Plaintiffs urge three reasons in support of their contentions that the ordinances are invalid. All were rejected by the trial court but are repeated here. We find none of them to be meritorious.
Plaintiffs first contend that the State, by enactment of L. 1968, c. 428, now N.J.S.A. 24:15A-3 and 4, has pre-empted *140 the field and that therefore the municipalities had no power to adopt the ordinances in question. The cited statute reads as follows:
1. No prepackaged unprocessed or untreated fresh or frozen meat shall be sold or exposed for sale at retail on the same premises where packaged, unless such package is colorless and transparent on at least one of the sides with the largest exposed surface area, exclusive of labeling which shall not occupy more than 10% of such side or 5 square inches, whichever is greater.
2. The provisions of this act shall be applicable throughout the State and shall be enforced by the State Department of Health and local boards of health.
The trial court noted that in the statement issued by Governor Hughes when he signed the bill which became L. 1968, c. 428, he said:
I feel that with the enactment of this legislation we have established a basic minimum necessary to protect the consumer from the small minority of unscrupulous persons who would conceal the true quality of the meats that they sold * * * [and that]
[The legislation] would not, however, prohibit a municipality from adopting an ordinance requiring that both sides of a package be transparent as in fact some municipalities have already done.
The trial court concurred with the Governor's observations. It ruled that the language of the statute did not evince an intent to bar municipalities from adopting more restrictive regulations requiring that both sides of the package be transparent.
We agree with the trial court's ruling. Apposite is what was said in Kennedy v. Newark, 29 N.J. 178 (1959):
Had the Legislature intended to restrain local action, the more likely course would have been to express that purpose. Before it can be said that the police power delegated to local government must remain inert, it must be clear that the Legislature intended to occupy the field or declared a policy at war with the decision made by local government. The delegated power may not be restrained upon the basis of speculation or dubious inference. The Constitution enjoins a liberal construction of legislation in favor of local authority. Article IV, § 7, par. 11. [At 187]
*141 See also State v. Ulesky, 54 N.J. 26, 29 (1969).
Plaintiffs also argue that the ordinances are void "because the subject inherently requires statewide treatment," saying:
The prevention of consumer fraud and the promotion of public health are state-wide concerns, and do not depend upon the local scene.
While it is true that prevention of consumer fraud and the promotion of public health concern both the State and its several municipalities, it does not follow that municipalities are barred from attempting to more effectively accomplish those objectives by adopting regulations more restrictive than those fixed by the Legislature as the minimum standards applicable throughout the entire State.
Indeed, in matters of public health, the Legislature has expressly provided otherwise. N.J.S.A. 26:1A-9 authorizes a local board of health to adopt "ordinances, rules and regulations, * * * more restrictive than the provisions of the State Sanitary Code" if such ordinances, rules and regulations "in its opinion, [are] necessary for the particular locality under its jurisdiction." See also Bd. of Health, Weehawken Tp. v. N.Y. Central R. Co., 4 N.J. 293, 299 (1950)
Finally, the record furnishes no support for plaintiffs' contention that the ordinances are "capricious, arbitrary and unreasonable." The wisdom of a municipal ordinance is not a matter of judicial concern. The court "may act only if the presumption in favor of the validity of the ordinance is overcome by an affirmative showing that it is unreasonable or arbitrary." Vickers v. Tp. Comm., Gloucester Tp., 37 N.J. 232, 242 (1962). We agree with the trial court that no such showing was made here.
The judgments are affirmed.